IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALLEN ELLIOTT, 1679077,   Petitioner, | )  )  ) |
| v. | )  No. 3:14-CV-2788-P  ) |
| WILLIAM STEPHENS, Director, TDCJ-CID,   Respondent. | )  )  ) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Procedural Background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for assault with a deadly weapon. *State of Texas v. Allen Elliott*, No. F-0826068 (265th Jud. Dist. Ct., Dallas County, Tex., Oct. 20, 2010). He was sentenced to forty years in prison. On December 14, 2011, the Fifth District Court of Appeals affirmed the judgment. *Elliott v. State*, No. 05-10-01408-CR (Tex. App. – Dallas 2001).

On December 24, 2012, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Elliott*, No. 81,562-01. On July 9, 2014, the Texas Court of Appeals denied the petition on the findings of the trial court.

On July 27, 2014, Petitioner filed this federal petition pursuant to 28 U.S.C. § 2254. He argues:

    1.    The trial court erred in failing to charge the jury on a lesser-included offense;

2. The evidence was insufficient to support the verdict;

3. He received ineffective assistance of appellate counsel when counsel failed to:

   (a) challenge the court's refusal to charge the jury on the lesser-included offense of theft;

   (b) challenge the sufficiency of the evidence;

   (c) challenge the admissibility of one of his recorded jail phone calls; and

4. The trial court erred in overruling his objection to the recorded jail phone call.

## II. Factual Background

Janifer and Dusty Spence testified that they awoke one night to find four men stealing a trailer parked in their driveway. (Trial Tr. Vol. 5 at 9-12, 26-27.) The men had hooked the trailer to their truck and were driving away, so Dusty and Janifer hopped in their car and followed them, while Janifer also called 911. (*Id.* at 11-12, 27-29.) During the pursuit, the men drove down a dead end street, then turned their truck around and stopped. (*Id.* at 29.) Dusty Spence also stopped his car. Dusty and Janifer then heard shots being fired and heard the sound of a bullet hitting their car. (*Id.* at 11-13, 28-30.) Dusty then turned his car around and pulled into a 7-Eleven parking lot. (*Id.* at 32.)

Officers testified they responded to the 7-Eleven and the Spences informed them that they saw the men pull their truck into an apartment complex. (*Id.* at 53.) Police officers responded to the apartment complex and began chasing the suspects on foot. (*Id.*) When Petitioner saw the officers, he tried to duck between two cars. (*Id.* at 60.) Officers eventually arrested Petitioner and three other suspects. Officers found the suspects' truck still running and hooked to the trailer. (*Id.* at 116.) Officers also found a handgun on the ground twenty to thirty feet from the

truck. (*Id.*)

Co-defendant Eric Gross testified that when he and the other co-defendants were at the apartment complex trying to unhitch the trailer, they saw the police coming. (*Id.* at 143-44.) They all ran and Gross saw a gun fall from Petitioner onto the ground. (*Id.* at 144.)

The prosecutors also played a recording of a jail telephone call by Petitioner. In the phone call, Petitioner admitted to firing the gun. (*Id.* at 179, 185). Petitioner was convicted of aggravated robbery and was sentenced to forty years in prison.

## III. Discussion

### 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal

court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

## 2. Jury Instruction

Petitioner argues the trial court erred when it denied his motion to include the lesser-included offense of theft in the jury charge. In a non-capital case, however, "the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue." *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *Creel v. Johnson*, 162 F.3d 385, 390-91 (5th Cir. 1998) (same). This claim should be denied.

## 3. Sufficiency of the Evidence

Petitioner claims the evidence was insufficient to prove that he used or possessed a deadly weapon. Respondent argues that Petitioner's sufficiency of the evidence claim is procedurally barred because Petitioner failed to present the claim to the Texas Court of Criminal Appeals in a petition for discretionary review. If a state court has declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, such as filing a petition for discretionary review, the procedural bar applies. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991). In this case, Petitioner failed to raise his insufficiency of the evidence claim on appeal or in a petition for discretionary review. The state habeas court therefore found the claim procedurally barred. Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the

alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner argues he failed to raise his insufficiency of the evidence claim on appeal due to the ineffective assistance of counsel. The Court will therefore discuss this claim in the Ineffective Assistance of Counsel section below.

**4.     Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**A.     Lesser-Included Offense**

Petitioner claims his appellate counsel was ineffective because counsel failed to challenge

the trial court's denial of a lesser-included offense instruction.

In determining whether a defendant is entitled to an instruction charging a lesser-included offense, the defendant must satisfy a two part test. *Rousseau v. State,* 855 S.W.2d 666 (Tex.Crim.App.1993). First, the lesser included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Id.* 672–73.

In this case, Petitioner argues there was evidence in the record that he was only guilty of theft because Dusty Spence testified he told police officers he thought the shot was fired from the passenger side of the defendants' truck, evidence showed Petitioner was the driver and not the passenger, and tests showed co-defendant Rex Fletcher had gun residue on his hands.[1]

Although Dusty Spence testified he thought the shot was fired from the passenger side of the truck, he also stated that he was trying to back his car up and flee from the shots, so he did not get a good look at who was shooting or where the shots came from. (Trial Tr. Vol. 5 at 30-31.) Dusty Spence also stated it could have been the driver who shot the gun. (*Id.* at 49.) Janifer Spence stated that although it was foggy that night, she was able to see that it was the driver who fired the shot. (*Id.* at 12, 13, 18-19.) Co-defendant Eric Gross testified that when he and the other three defendants ran from the police, he saw a gun fall from Petitioner onto the ground. (*Id.* at 144.) Further, in a recorded jail telephone call, Petitioner stated that he was the person who fired the gun. (*Id.* at 179, 185.) Petitioner has failed to show that his counsel was

---

[1] Petitioner's hands were not tested for gun residue because he had been fingerprinted and his hands washed before the forensic officer arrived to perform the test. (Trial Tr. Vol. 5 at 130.)

ineffective for failing to argue that he was entitled to an instruction on theft.

### B.  Sufficiency of the Evidence

Petitioner claims appellate counsel was ineffective for failing to argue that the evidence was insufficient to show that he used, exhibited, or possessed a deadly weapon.

Federal habeas review of an insufficiency of the evidence claim is extremely limited. A federal court may not disturb a conviction in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 443 U.S. 319; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990).

As discussed above, Petitioner admitted he was the driver of the car. Janifer Spence testified she saw the driver of the car shoot the gun. Eric Gross testified he saw Petitioner drop a gun when they were running from the police. Petitioner admitted in his recorded jail phone call that he shot the gun. Viewing this evidence in the light most favorable to the verdict, the Court finds the evidence was sufficient to sustain the conviction. Petitioner's insufficiency of the evidence claim is procedurally barred and his ineffective assistance of counsel claim is without merit.

### C.  Telephone Recording

Petitioner claims appellate counsel should have challenged the trial court's ruling admitting his recorded jail telephone call into evidence. Petitioner claims the recording was not properly authenticated and that the prosecutor failed to comply with a discovery order.

On state habeas review, appellate counsel submitted an affidavit responding to Petitioner's claims. Counsel stated:

> During the trial, the co-defendant testified that he recognized the voice on the telephone recording to be that of Petitioner's. (RR5: 146-47). An investigator testified that Petitioner was assigned a unique identification number, called the AIS number. (RR5: 163). Exhibit 26 is a report titled "Inmate Call Records" for the identification number assigned to the Petitioner; it lists his name, identification number, the number called, and the duration of the call. (State's Ex. 26). Exhibit 25 is a recording of the jail call for Petitioner's AIS number. (State's Ex. 25). The AIS number on the telephone recording matched Petitioner's AIS number. (RR5: 167). Finally, the investigator testified the information in the telephone recording suggested the caller was in fact the Petitioner. (RR5: 165-66).
>
> The trial court heard the recorded telephone call and was in a position to compare the voice on the recordings to appellant's voice. *See* Tex. R. Evid. 901(b)(5) (authentication by voice identification). Additionally, the contents of the recorded conversation related to the offense. *See* Tex. R. Evid. 901(b)(4) (authentication through contents, substance taken in conjunction with circumstances). Based on this record, the trial court reasonably could have concluded that the call was authenticated. In addition, there was no objection made that the recording was exculpatory and should have been previously disclosed or that its admission violated a discovery order. Finally, Petitioner impliedly consented to recording of the telephone conversation from jail because it is undisputed the telephone conversation contained a prompt indicating that calls may be recorded or monitored. *See Banargent v. State*, 228 S.W.3d 393 (Tex. App. – Houston [14th Dist.] 2007, pet. ref'd). Additionally, recorded statements are admissible where the defendant has no reasonable expectation of privacy. *Meyer v. State*, 78 S.W.3d 505 (Tex. App. – Austin 2002, pet. ref'd). As a result, I did not raise the Point of Error that the trial court abused its discretion by admitting the recording over Petitioner's objection.

*Ex parte Elliott* at 59.

Under Tex. R. Evid. 901(b)(4), authentication can be made by distinctive characteristics, such as the contents of the recording, taken in conjunction with the circumstances of the recording. In this case, the recorded call contained a conversation about the offense, it was recorded at the Dallas County Jail at the time Petitioner was incarcerated there, and it was made using Petitioner's specific and unique identification number. Also, under Tex. R. Evid. 901(b)(5), authentication of Petitioner's voice can be made "by opinion based upon hearing the

voice at anytime under circumstances connecting it with the alleged speaker." *Id.* Co-defendant Eric Gross testified at trial that he was familiar with Petitioner's voice and that it was Petitioner's voice on the recording. (Trial Tr. Vol. 5 at 147.) Petitioner has failed to establish his counsel was ineffective for failing to raise this claim on appeal.

**5.     Trial Error**

Petitioner claims the trial court erred when it admitted his recorded jail phone call. As discussed above, Petitioner has failed to show the recorded phone call was improperly admitted. This claim should be denied.

**6.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## IV. Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 28 day of September, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).